```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

NISSAN OF SLIDELL, L.L.C.                CIVIL ACTION

VERSUS                                   NO: 08-1206

NISSAN NORTH AMERICA, INC.               SECTION: R(2)
```

## ORDER AND REASONS

Before the Court is defendant Nissan North America's 12(b)(1) and (6) motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. For the reasons stated below, the motion is GRANTED in part and DENIED in part.

**I.  Background**

Plaintiff Nissan of Slidell ("Nissan Slidell") sells cars and trucks manufactured by defendant Nissan North America ("Nissan NA") in Louisiana and Mississippi. Nissan Slidell specifically markets their vehicles and services in St. Tammany Parish and in the area of Mississippi surrounding Picayune. This

is Nissan Slidell's Primary Market Area ("PMA") - "a geographic area which is based upon demographic, competitive, and market factors and is established so that the dealer can effectively invest in and market the dealership's sales and service functions."  (R. Doc. 1 at 3.)

According to plaintiff, Nissan Slidell entered into an agreement with Nissan NA that granted Nissan Slidell the exclusive right to sell Nissan cars and trucks within the PMA, and that agreement has been renewed annually since 2001.  In addition, Nissan NA allegedly assured Nissan Slidell that no other Nissan dealerships would be approved to operate in the PMA on numerous occasions.  Allegedly relying on these promises and their exclusive agreement, Nissan Slidell invested in new facilities, Hurricane repairs and advertising within the PMA.

In January 2008, Nissan NA gave required notice under La. Rev. Stat. § 32:1254(C)(12) to the Louisiana Motor Vehicles Commission that it was considering approval of a new dealer to be located in Picayune, which is within Nissan Slidell's PMA. Nissan NA later withdrew this notice, but then conditionally approved the new dealer.  According to plaintiff's allegations, final approval is imminent.

Nissan Slidell has brought this suit against Nissan NA

seeking damages and a permanent injunction[1] for violation of the Louisiana Motor Vehicles Act, detrimental reliance and misrepresentation.  Nissan Slidell also requests a declaratory judgment that Nissan NA is in violation of the Louisiana Motor Vehicles Act, and that Nissan Slidell has the exclusive right to market to its PMA.  Nissan NA has moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim.

## II.  Legal Standards

Rule 12(b)(1) requires dismissal if the court lacks jurisdiction over the subject matter of the plaintiff's complaint.  Motions submitted under Rule 12(b)(1) allow a party to challenge the Court's subject matter jurisdiction based upon allegations on the face of the complaint.  *Lopez v. City of Dallas, Tex,* 2006 WL 1450520, at *2 (N.D. Tex. 2006).  In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.  *Id.; See also Barrera-Montenegro*

---

[1] Plaintiff's complaint contains a "Request for Permanent Injunction."  Plaintiff's brief, however, repeatedly refers to its "claim for permanent injunction."  An injunction is a form of relief and not a cause of action, and the Court interprets plaintiff's pleadings as requesting injunctive relief as an additional form of recovery under its other causes of action.

*v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). Furthermore, the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When examining a factual challenge to subject matter jurisdiction that does not implicated the merits of plaintiff's cause of action, the district court has substantial authority to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997). *See also Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). Accordingly, the Court may consider matters outside the pleadings, such as testimony and affidavits. *See Garcia*, 104 F.3d at 1261. A Court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not prevent the plaintiff from pursuing the claim in another forum. *See Hitt*, 561 F.2d at 608.

In considering a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955,

1974 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965 (quotation marks, citations, and footnote omitted).

**III. Analysis**

Defendant seeks dismissal on the grounds that the LMVA does not create a private right of action, and because Nissan Slidell did not exhaust administrative remedies under the LMVA before filing suit.

   *i.   No Private Right*

In *Crescent City M Dealership, LLC v. Mazda Motor of America, Inc.*, No. 00-1620, 2000 WL 1372965, at *2-3 (E.D.La 9/22/2000), *aff'd* 275 F.3d 43 (5th Cir. 2001), this Court held that the Louisiana Motor Vehicles Act does not confer a private right of action to dealers or other private persons or entities. The Court found the LMVA analogous to similarly comprehensive Louisiana legislation that did not explicitly provide for a private right of action, and under which Louisiana courts had declined to imply such a right. *Id.* The Court contrasted the LMVA with the Louisiana Unfair Trade Practices and Consumer

Protection Law, in which the Louisiana legislature explicitly provided for a right of action, as well as for an administrative body. *Id.* The Court concluded that the Louisiana legislature knew how to create a private right and did not. *Id.*

In *Crescent City*, the plaintiff argued that Louisiana courts had allowed private actions under the LMVA, so the LMVA must create one; an argument Nissan NA echoes here. But the cases to which Nissan NA directs the Court, both of which pre-date *Crescent*, do not convince the Court to revisit its decision. The Court explicitly considered *Aetna Cas. & Surety Co. v. Lively-Culpepper Chevrolet Oldsmobile, Inc.*, 609 So.2d 1055 (La. Ct. App. 1992) in its *Crescent City* opinion, and *Everything on Wheels Subaru, Inc. v. Subaru South*, 593 So.2d 1269 (La. Ct. App. 1991) is of no precedential value because the court did not address the issue of whether plaintiff had standing to sue under the LMVA.

Plaintiff also argues that *Crescent City* is distinguishable because, here, plaintiff seeks a declaratory judgment of its rights under the LMVA, whereas the plaintiff in *Crescent City* sought only damages. But the form of relief plaintiff seeks on its non-existent cause of action is irrelevant. The Fifth Circuit has stated that while the Declaratory Judgment Act provides a remedy for litigants, the Act "does not provide an additional cause of action with respect to the underlying claim."

*See Okpalobi v. Foster*, 244 F.3d 405, 423 fn. 31. (*citing Earnest v. Lowentritt*, 690 F.2d 1198, 1203 (5th Cir. 1982)); *See also Buck v. American Airlines, Inc.*, 476 F.3d 29, 33 n.3 (1st Cir. 2007). Because plaintiff has no private cause of action under the LMVA, it has failed to state a claim for declaratory judgment as well.

   ii.   *Administrative Exhaustion*

Defendant argues that this Court does not have jurisdiction to hear plaintiff's remaining state law claims, because plaintiffs have not exhausted administrative remedies available under the LMVA. The doctrine of administrative exhaustion is a judicially created rule that precludes judicial relief until the prescribed administrative relief has been exhausted. *See Reitner v. Cooper,* 507 U.S. 258, 269 (1993); *McKart v. United States*, 395 U.S. 185, 193 (1969). While the rule is subject to exceptions and may be waived, the predicate for its application is a "claim [that] is cognizable in the first instance by an administrative agency alone." *United States v. Western Pac. R.R. Co.*, 352 U.S. U.S. 59, 63 (1956). *See also McKart*, 395 U.S. at 193-94; *Daily Advertiser v. Trans-La*, 612 So.2d 7, 27 (La. 1993). In *Penny v. Southwestern Bell Telephone Co.*, 906 F.2d 183, 185-86 (5th Cir. 1990), the Fifth Circuit held that a plaintiff was not required to exhaust administrative procedures under the Texas Public

Utility Regulatory Act (PURA) before suing a telephone company on state law claims not arising under the PURA.  The court did not require exhaustion even though the Texas Public Utility Commission had "exclusive jurisdiction over the business and property of telecommunications utilities in the state," subject to certain limitations not relied on by the court.  *Id.*  The court found that plaintiff's claims for deceptive trade practices, misrepresentation and retaliation were created by state law independent of the regulatory act, and so the administrative exhaustion doctrine did not prevent a court with otherwise proper jurisdiction from hearing the claims.  *Id.*  In addition, the Court held that the administrative procedure was not the exclusive remedy for disputes between customers and public utilities, because the Public Utility Commission could not provide the damages remedy plaintiff sought.  *Id.*

Nissan Slidell's remaining claims are for detrimental reliance and misrepresentation.  Although defendant argues that these claims "are simply a repackaging of the Vehicles Act claim," (R. Doc. 7-2 at 8), it is apparent that plaintiff's claims are viable theories of recovery, under Louisiana law, separate and apart from the LMVA. *See, e.g.,* La. Civ. Code arts. 1967, 2315; *Suire v. Lafayette City-Parish Consol. Government*, 907 So.2d 37 (La. 2005)(detrimental reliance); *Sportsman Store of*

*Lake Charles, Inc. v. Sonitrol Security Systems of Calcasieu, Inc.*, 748 So.2d 417 (La. 1999)(intentional and negligent misrepresentation).  In addition, the remedies Nissan Slidell seek include damages, which the Louisiana Motor Vehicles Commissions cannot provide.  *See* La. Rev. Stat. § 32:1256.

Defendant acknowledges that other sections of this Court have held that the LMVA does not provide the exclusive remedy for disputes between car manufacturers and dealers under Louisiana law.  S*ee Volvo Trucks North America, Inc. v. Crescent Ford Truck Sales, Inc*., No. 02-3398, 2003 WL 1936356 (E.D.La. 4/22/03); *American Honda Motor Co., Inc. v. Premier Quality Imports, LLC*, No. 04-1205, 2005 WL 2036685 (E.D.La 8/10/2005)(abstaining on grounds not argued here).  But defendant argues that this case is distinguishable because Nissan Slidell has not asked for monetary damages, and cannot show monetary damage because Nissan NA has yet to approve the new dealership within plaintiff's PMA.  Contrary to defendant's assertion, however, plaintiff's prayer for relief includes "such damages as will be shown at trial."[2]

Defendant also quotes at length from the Court's opinion in

---

[2] Defendant appears to challenge the ripeness of plaintiff's claim with this statement, but defendant has not made a justiciability challenge other than to argue that plaintiff has not exhausted administrative remedies, and as explained above administrative exhaustion is not implicated here.

9

*Crescent City* to support its argument that exhaustion is required, but in *Crescent City*, this Court analyzed separately plaintiff's breach of contract claim, and did not indicate that a plaintiff could not bring an otherwise valid state-law claim, though the LMVA failed to provide a private cause of action. *See Crescent City*, 2000 WL 1372965, at *2-3.

Plaintiff has properly invoked this Court's jurisdiction under 28 U.S.C. § 1332 for its remaining claims under Louisiana law. These claims are not claims under the LMVA, and plaintiff seeks a damages remedy the LMVC cannot provide. Accordingly, the Court rejects defendant's invitation to abstain under the administrative exhaustion doctrine.

## IV. Conclusion

For the reasons stated above defendant's motion to dismiss is GRANTED in part and plaintiff's claims for damages and declaratory relief under the LMVA are DISMISSED.

New Orleans, Louisiana, this <u>3rd</u> day of November, 2008

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE